O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HERBERT ALEJANDRO ARCHILA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  H-03-4684 |
| | § | |
| **TOM RIDGE, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER

Pending before the Court is Plaintiff's Motion to Reinstate. (Dkt. # 12).  The Court, having reviewed the motion, is of the opinion that the motion should be DENIED.

### Factual and Procedural History

Plaintiff filed his complaint in this case on October 23, 2003.  Defendant answered on December 16, 2003. A scheduling conference was set for January 27, 2004.  In lieu of a scheduling conference, however, the parties submitted an agreed motion for scheduling order. The parties' agreed scheduling order gave the Defendant 45 days from the date of the entry of the order to file the administrative record.  Plaintiff was then to have 45 days from the date of his receipt of the record to submit a motion for summary judgment.  Defendants filed a notice of filing of the administrative record with the Court on March 18, 2004. After three months with no action on the part of the Plaintiff, the Court dismissed the action for want of prosecution on July 27, 2004.

On July 27, 2004, at some point after the Court's order was entered, Plaintiff's counsel faxed the Court a letter indicating that he had inadvertently failed to file the motion for summary judgment in a timely manner as a result of docketing errors within his office system.  The letter indicated that a motion to reopen the case would be filed some time after August 16, 2004, after both parties' counsel had returned from being out of town. Counsel stated that he was submitting the letter as a "statement of intentions."  A motion to reopen was eventually filed on January 27, 2005, six months

after the Court dismissed this action for want of prosecution and its receipt of counsel's letter.

## Discussion

Although Plaintiff does not specifically mention the rule in his motion, the Court construes the motion to reinstate to be a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Based on the information provided in the motion to reinstate, the Court construes the motion to be a request for relief under 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect. However, the Court does not find that these conditions are present in this case. Although the Fifth Circuit does not appear to have ruled on this issue, the rulings of other appellate and district courts support the proposition that something more than an attorney's failure to note deadlines properly must be demonstrated in order to obtain relief under the rule. *See, e.g.*, *Rodgers v. Wood*, 910 F.2d 444 (7th Cir. 1990), *rehearing denied* 914 F.2d 260 (holding that attorney's negligent mistake, evincing lack of due care, is not proper ground for relief from judgment or order); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143 (10th Cir. 1990) (holding that carelessness by litigant or his counsel does not afford basis for relief from judgment or order); *Bibeau v. Northeast Airlines, Inc.*, 429 F.2d 212 (D.C. Cir. 1970) (holding that it is within discretion of district court to deny motion to reinstate case which has been dismissed for lack of prosecution ); *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969) (neither ignorance nor carelessness on part of attorney will provide grounds for relief under

this rule pertaining to mistake, inadvertence, surprise or excusable neglect); *Optimal Health Care Services, Inc. v. Travelers Ins. Co.*, 801 F. Supp. 1558 (E.D. Tex. 1992) (attorney's negligent failure to respond to motion does not constitute excusable neglect warranting relief from summary judgment, even if attorney is preoccupied with other litigation).

Plaintiff provides no argument for his failure to file a motion for summary judgment in a timely manner other than the fact that there was a docketing error in his attorney's office. The docket, however, does not reflect that Plaintiff filed a notice with the Court, prior to the Court's dismissal order, indicating that this event had occurred. Nor did Plaintiff file a motion to extend the deadlines or any other motion which would have indicated to the Court that he was diligently pursuing this case. Additionally, the Court notes that Plaintiff again demonstrated a lack of diligence in filing the motion to reinstate. Counsel's July 27, 2004 letter indicated that a motion to reinstate would be forthcoming upon counsel and opposing counsel's return from being out of town. Thus, according to the letter, a motion should have been forthcoming at some point after August 16, 2004. Inexplicably, the motion was not filed until January 27, 2005. The Court, therefore, is of the opinion that counsel has not met its burden for establishing that relief should be granted under Rule 60(b).

## Conclusion

For the foregoing reasons, the Plaintiff's Motion to Reinstate (Dkt # 12) is hereby DENIED.

It is so ORDERED.

Signed this 8th day of July, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE